UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **NO. 2:25-cr-00318** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **RAYLIN RICHARD (01)** | **MAGISTRATE JUDGE LEBLANC** |

**ORDER**

Defendant RAYLIN RICHARD (01) made an initial appearance on an indictment in this matter on January 8, 2026. At that time, he requested appointment of counsel [doc. 10] and submitted a Form CJA-23 Financial Affidavit [doc. 11]. Richard's Financial Affidavit stated he had "cash, or money in savings or checking accounts," but as to the amount stated "unknown – no access, but likely substantial amount left." He also noted on the Financial Affidavit that he has been "incarcerated since 2015," or for more than 10 years prior to the initial appearance. The court questioned Richard, and he acknowledged having a savings account that his father, as his power of attorney, manages. Richard further testified that he was unaware of the balance of the account and offered that his parents "are not trustworthy" and do not provide him information about the account. Based on the contents of the Financial Affidavit, and without information regarding the balance of the savings account, the court appointed the Federal Public Defender's Office to represent Richard but reserved the right to revisit the issue of that appointment should it become known that Richard has sufficient assets to render him ineligible for appointed counsel.

Generally, "[u]nless the person waives representation by counsel, the United States magistrate judge or the court, if satisfied after appropriate inquiry that the person is financially unable to obtain counsel, shall appoint counsel to represent him." 18 U.S.C. § 3006A(b). After the

appointment of counsel, a court may terminate a defendant's eligibility for free legal services "[i]f at any time after the appointment of counsel the United States magistrate judge or the court finds that the person is financially able to obtain counsel."  18 U.S.C. § 3006A(c).  In either instance, the court may designate "[o]ther employees of the court . . . to obtain or verify the facts relevant to the financial eligibility determination."  WDLA Criminal Justice Act Plan §IV(B)(2)(b) at https://www.lawd.uscourts.gov/sites/lawd/files/CJA%20Plan%20effective%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.pdf.

Following Richard's initial appearance, the status of his legal representation has been put at issue on more than one occasion.  *See, e.g.*, docs. 20, 22, 24.  As such, the court believes it is appropriate to determine whether Richard remains eligible for appointed counsel and seeks to obtain sufficient information to make that determination.

Accordingly,

**IT IS ORDERED** that the United States Probation Office shall interview the defendant RAYLIN RICHARD (01) to ascertain his current financial circumstances, including all income, assets and financial liabilities.  By way of example and not limitation, the United States Probation Office shall determine if RAYLIN RICHARD (01) has funds on deposit in one or more accounts, the balance(s) of any such account(s), the institution(s) where such account(s) is(are) located, and who, in addition to or in lieu of, defendant RAYLIN RICHARD (01), has authority to access those funds and/or manage the account(s), as well as obtain a copy of the most current statement of any such accounts.  The interview shall be conducted on or before March 6, 2026, and the United States Probation Office shall coordinate the interview with defendant RAYLIN RICHARD's current counsel of record.

**IT IS FURTHER ORDERED** that, on or before March 16, 2026, the United States Probation Office shall provide the court a report setting forth its findings with respect to RAYLIN

RICHARD's financial circumstances, including copies of any pertinent documents, instruments, statements of account, etc., obtained.  On that same date, the United States Probation Office shall provide a copy of the report, INCLUDING copies of any pertinent documents, instruments, statements of account, etc., obtained, to RAYLIN RICHARD (01) through his counsel of record and shall provide a copy of the report, EXCLUDING copies of any pertinent documents, instruments, statements of account, etc., obtained, to counsel for the Government.

**IT IS FURTHER ORDERED** that the parties shall appear for a hearing on **March 18, 2026, at 3:00 pm**, before the undersigned in Courtroom 3, Lake Charles, Louisiana, to determine whether RAYLIN RICHARD (01) remains eligible for court-appointed counsel in this matter.

SO ORDERED at Lake Charles, Louisiana, this 25th day of February, 2026.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE